IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUSTIN SHANNON,<br><br>            Plaintiff,<br><br>   vs.<br><br>SCOTT FRANKS, Director, Individual and Official capacity; TAGGARD BOYD, Ward of RTC Prison, Individual and Official capacity; JAMES FRANZEN, Administrator, Individual and Official capacity; RICHARD BLUE, Unit Manager, Individual and Official capacity; JAMES OURADA, Doctor Psychiatrist, Individual and Official capacity; GRANT JENSEN, Mental Health Unit Manager, Individual and Official capacity; KERRIE PAULSON, Mental Health Case Worker, Individual and Official capacity; and BRIAN SHERWOOD, Unit Manager with Mental Health, Individual and Official capacity;<br><br>           Defendants. | 4:25CV3060<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on Plaintiff Justin Shannon's Complaint filed on March 14, 2025. Filing No. 1. Plaintiff is currently incarcerated at the Reception and Treatment Center (RTC) of the Nebraska Department of Correctional Services (NDCS). The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b).

## I. SUMMARY OF COMPLAINT

Plaintiff has sued Scott Frakes,[1] NDCS Director; Taggart Boyd,[2] Warden of RTC Prison; James Franzen, Administrator; Richard Blue, Unit Manager; James Ourada, Psychiatrist; Grant Jensen, Mental Health Unit Manager; Kerrie Paulson, Mental Health Case Worker; and Brian Sherwood, Unit Manager with Mental Health, all in their individual and official capacities. Plaintiff alleges the following as his "Statement of Claim":

Plaintiff alleges Carl Ruskamp assaulted someone while housed in a county jail awaiting trial on charges of murdering his father. The county judge ordered Ruskamp's transfer to the RTC[3] for a mental health evaluation to determine if he was competent to stand trial and if not, to restore his competency. The county judge concluded Ruskamp was dangerous to himself and others and ordered that Ruskamp be restrained when out of his cell and housed in a single-occupancy cell. Filing No. 1 at 7-8, 13.

When Ruskamp arrived at the RTC, he was housed in a cell with Plaintiff, and he was not restrained when out of his cell. Plaintiff objected to double-bunking with Ruskamp because he believed Ruskamp would kill him, but the RTC staff did not listen, respond, or care. On May 13, 2024, Ruskamp attacked Plaintiff, causing Plaintiff to lose his eyesight in one eye. Plaintiff's remaining eye is now failing due to the strain of being the only functional eye.

---

[1] Plaintiff names Scott Franks as the NDCS Director. The correct name spelling, Frakes, will be used in this memorandum and order.
[2] The spelling was corrected from "Taggard" to "Taggart" Boyd.
[3] Plaintiff's complaint states Ruskamp was housed with him at the "Regional Center," but Plaintiff appears to use the names "Regional Center" and "RTC" interchangeably. The named defendants are all state employees, with Franzen, Blue, Ourada, Jensen, Paulson, and Sherwood allegedly employed at RTC. The Court therefore assumes Plaintiff and Ruskamp were housed together at RTC, the alleged assault occurred at RTC, and all references to the Regional Center actually refer to the RTC.

Immediately after the attack, Plaintiff received medical treatment and was then taken to the hospital. But since then, his requests for medical care have been refused. Filing No. 1 at 11, 13-14.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that

permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

Plaintiff seeks recovery under 42 U.S.C. § 1983. To recover under 42 U.S.C. § 1983, Plaintiff must show "the conduct complained of was committed by a person acting under color of state law," and this conduct deprived him of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *DuBose v. Kelly,* 187 F.3d 999, 1002 (8th Cir. 1999).

### A. Official Capacity Claims

The defendants are employees of the State of Nebraska, and Plaintiff has sued them all in their official capacities. A suit against a public employee in his official capacity is a suit against the public employer. *Campbell v. State of Iowa, Third Judicial Dist. Dept. of Corr. Serv.*, 702 F.3d 1140, 1141 (8th Cir. 2013) (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir.1999)). So, Plaintiff's claims against the defendants, in their official capacities, are claims against the State of Nebraska.

States or governmental entities that are considered arms of the state are not suable "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70 (1989). Suits for money damages against the state or its agencies are barred by the Eleventh Amendment. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (holding the Eleventh Amendment bars suit against a state agency for any kind of relief); *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989) (holding a suit brought solely against a state or state agency is proscribed by the Eleventh Amendment). And

4

the Eleventh Amendment bars claims for damages by private parties against state employees sued in their official capacities. *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995); *Novascone v. Nebraska Dep't of Corr. Servs.*, No. 8:19CV201, 2019 WL 6307565, at *2 (D. Neb. Nov. 25, 2019) (dismissing section 1983 suit for money damages against the NDCS director, in his official capacity, under Eleventh Amendment); *Reising v. Lewien*, No. 8:18CV352, 2019 WL 1585142, at *3 (D. Neb. Apr. 12, 2019) (holding section 1983 suit for money damages against unit administrator of CCC and OCC warden, in their official capacities, was barred by the Eleventh Amendment).

Therefore, Plaintiff's claims against the defendants, in their official capacities, must be dismissed as barred by the Eleventh Amendment.

## B. Individual Capacity Claims

### 1. Frakes and Boyd

Plaintiff has named Frakes and Boyd, supervisory personnel within the NDCS, as defendants. He alleges Frakes and Boyd "run the prison," and they along with those in their chain of command are expected to follow court orders. Filing No. 1 at 7.

To state a § 1983 claim, a plaintiff must allege that the defendants were personally involved in or had direct responsibility for incidents that resulted in injury. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). "It is well settled that § 1983 does not impose respondeat superior liability." *Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir. 2006) (internal quotation marks omitted).

Plaintiff has not alleged facts to support a claim that Frakes and Boyd were personally involved in assigning Ruskamp to Plaintiff's cell, failing to restrain Ruskamp, or failing to provide Plaintiff's requested medical care. He

has therefore failed to state a claim against Frakes and Boyd, in their individual capacities. *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (holding "[t]he general responsibility of a warden for supervising the operation of a prison is not sufficient to establish personal liability" in a civil rights action).

### 2. Jensen and Paulson

Plaintiff alleges Jensen and Paulson, both mental health professionals, were both trained to follow court orders. Filing No. 1 at 9. There are no other allegations against these defendants. Plaintiff has failed to state a claim for recovery against Jensen and Paulson under 42 U.S.C. § 1983.

### 3. Sherwood

Plaintiff alleges Sherwood investigates grievances and is aware of assaults occurring at RTC due to double-bunking. Plaintiff does not allege that Sherwood was responsible for assigning Ruskamp to Plaintiff's cell, and his after-the-fact investigation of the assault cannot provide a basis for § 1983 liability. *Jackson v. City of Maplewood*, 2025 WL 2299393, at *8 (E.D. Mo. August 7, 2025) (collecting cases) (failure to respond or investigate cannot be considered a cause of the prior assault). Plaintiff has failed to state a claim against Sherwood.

### 4. Failure to Protect

Liberally construed, Plaintiff alleges Franzen, Blue, and Ourada failed to protect him from being assaulted by Ruskamp. To state a claim for unconstitutional failure to protect from harm, a detainee must show (1) an objectively and sufficiently serious deprivation, meaning the conditions of his detention posed a substantial risk of serious harm, and (2) the defendant was deliberately indifferent to the substantial risk of serious harm; that the defendant was aware of facts from which it could be inferred, and the

6

defendant actually inferred, that a substantial risk of serious harm existed. *Chavero-Linares v. Smith*, 782 F.3d 1038, 1041 (8th Cir. 2015) (citing *Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 834 (1994))). The detainee must allege and prove that the harm caused by the alleged failure to protect was objectively serious. *Id.*

Plaintiff alleges that after Ruskamp committed an assault in a county jail, a judge concluded Ruskamp posed a serious risk of harm to others, and he needed to be housed in a private cell and placed in restraints when out of his cell. He alleges Franzen, Blue, and Ourada were aware of the judge's findings and order, they chose to ignore it, and as a result, Plaintiff was attacked by Ruskamp and blinded in one eye. Liberally construed, Plaintiff has stated a claim against Franzen, Blue, and Ourada for failure to protect in violation of the constitution.

### 5. Failure to Provide Medical Care

Plaintiff alleges he has requested follow up medical care for his eyes, but "medical refuses to see me." When alleging a deprivation of medical care, the inmate must show (1) an objectively serious medical need and (2) the defendants knew of the medical need but were deliberately indifferent to it. *See Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010); *Jones v. Minnesota Dep't of Corrections*, 512 F.3d 478, 481–82 (8th Cir. 2008); *Albertson v. Norris*, 458 F.3d 762, 765 (8th Cir. 2006); *Grayson v. Ross*, 454 F.3d 802, 808–09 (8th Cir. 2006). A medical need is objectively serious "if the medical need in question is supported by medical evidence, such as a physician's diagnosis, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Hancock v. Arnott*, 39 F.4th 482, 486 (8th Cir. 2022) (quoting *Ryan v. Armstrong*, 850 F.3d 419, 425 (8th Cir. 2017). The effects of delayed treatment are considered when evaluating the existence of an objectively

serious medical need. *Id*. As to the subjective element, the Plaintiff must plead that each defendant acted with a sufficiently culpable state of mind. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). A plaintiff must show a prison official knew of and disregarded the objectively serious medical need. *Robinson v. Hager*, 292 F.3d 560, 564 (8th Cir. 2002).

Plaintiff states he is blind in one eye and losing sight in the other. He has therefore alleged a serious medical need. But he has not identified the person or persons in "medical" who have refused his requests for treatment, so he has failed to allege that a specific defendant knew of his medical needs and deliberately ignored or chose not to treat them. Plaintiff's complaint fails to state a claim for deprivation of medical care.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Plaintiff has failed to state a claim against the defendants in their official capacities. He has failed to state a claim against Frakes, Boyd, Jensen, Paulson, and Sherwood, in their individual capacities. He has failed to state a claim for deprivation of medical care. Liberally construed, Plaintiff's complaint states a claim against Franzen, Blue, and Ourada, in their individual capacities, for failing to protect him from harm in violation of the constitution.

Accordingly,

IT IS ORDERED

1. Only Plaintiff's claim for unconstitutional failure to protect against James Franzen, Richard Blue, and James Ourada, in their individual capacities, may proceed.

2. Plaintiff's claims against Scott Frakes, Taggart Boyd, Grant Jensen, Kerrie Paulson, and Brian Sherwood, in their official and individual capacities, and against James Franzen, Richard Blue, and James Ourada, in their official capacities, are dismissed.

3. The Clerk of Court is directed to terminate Scott Frakes, Taggart Boyd, Grant Jensen, Kerrie Paulson, and Brian Sherwood as defendants in this case. The Clerk of Court is further directed to update the caption to reflect that "James Franzen, Richard Blue, and James Ourada, in their individual capacities," are the only defendants.

4. For service of process on James Franzen, Richard Blue, and James Ourada, in their individual capacities, the Clerk of Court is directed to complete two sets of summonses and USM-285 forms for each defendant. The service address for the first set of forms is:

> Office of the Nebraska Attorney General
> 2115 State Capitol
> Lincoln, NE 68509.

The service address for the second set of forms is:

> Reception and Treatment Center
> 3218 W Van Dorn St.
> PO Box 22800
> Lincoln, NE 68542-2800.

5. The Clerk of the Court shall forward the summons forms and USM-285 forms together with copies of the Complaint, Filing No. 1, and this Memorandum and Order to the United States Marshals Service.

6. The Marshals Service shall serve James Franzen, Richard Blue, and James Ourada, in their individual capacities, by "leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by

certified mail or designated delivery service addressed to the office of the Attorney General." Neb. Rev. Stat. § 25-510.02(1) (prescribed method for serving the State of Nebraska or any state agency); *see also* Federal Rule of Civil Procedure 4(j)(2); Neb. Rev. Stat. § 25-511 ("Any employee of the state, as defined in section 81-8,210, sued in an individual capacity for an act or omission occurring in connection with duties performed on the state's behalf, regardless of whether the employee is also sued in an official capacity, must be served by serving the employee under section 25-508.01 and also by serving the state under section 25-510.02.").

7. The Marshals Service shall also separately serve James Franzen, Richard Blue, and James Ourada, in their individual capacities, by certified mail or other authorized method of service at the Reception and Treatment Center address shown above. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (prescribed method for serving an individual).

8. For service by certified mail or designated delivery service, the Marshals Service shall serve Defendants within ten days of the Clerk of the Court issuing and forwarding the summons to the Marshals Service. *See* Neb. Rev. Stat. § 25-505.01(1).

9. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[4]

---

[4] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g., Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

10. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process on James Franzen, Richard Blue, and James Ourada.

11. Plaintiff is hereby notified that failure to obtain service of process on James Franzen, Richard Blue, and James Ourada within 90 days of the date of this order may result in dismissal of this matter without further notice. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

12. The Clerk of Court is directed to set a pro se case management deadline in this case using the following text: **December 22, 2025**: service of process to be completed.

13. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 23rd day of September, 2025.

BY THE COURT:

*/s/ John M. Gerrard*

John M. Gerrard
Senior United States District Judge